ORIGINAL

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| JOHN R. LACY | 1397-0 |
| jlacy@goodsill.com | |
| BRUCE L. LAMON | 2738-0 |
| blamon@goodsill.com | |
| BRETT R. TOBIN | |
| btobin@goodsill.com | 9490-0 |

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 20 2012

at 3 o'clock and 10 min P M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CYANOTECH CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. NUTRACEUTICALS, LLC, d/b/a VALENSA INTERNATIONAL, and the UNIVERSITY of ILLINOIS<br><br>Defendants. | CIVIL NO. 12 00352 RLP<br><br>COMPLAINT; EXHIBITS "A" AND "B"; DEMAND FOR JURY TRIAL; SUMMONS |

## **COMPLAINT**

For its Complaint herein against Defendants U.S. Nutraceuticals,

LLC, d/b/a Valensa International and the University of Illinois ("Defendants"),

3907994.3

Plaintiff Cyanotech Corporation ("Cyanotech") alleges as follows:

## PARTIES

1.     Cyanotech is a Nevada corporation with its principal place of business in Kailua-Kona, Hawaii. Since 1990, Cyanotech has extracted and sold astaxanthin for use in nutritional supplements, including supplements for eye health, from its facility in Kailua-Kona, Hawaii.

2.     Defendant, U.S. Nutraceuticals, LLC d/b/a Valensa International ("Valensa") is a Florida limited liability company with its principal place of business in Eustis, Florida. Valensa was founded in 1999.

3.     Defendant the University of Illinois ("U. Illinois") is a public entity of the State of Illinois with its principal place of business in Chicago, Illinois.

4.     Valensa is or may be a necessary party pursuant to Fed. R. Civ. P. Rule 19, as Valensa claims to have the right to sue under US Patent No. 5,527,533, issued June 18, 1996, on Application No. 08/330,194 (the "Patent-in-Suit") on information and belief deriving such right by ownership of substantially all rights in the Patent-in-Suit. The Patent-in-Suit is attached as Exhibit A.

5.     U. Illinois is joined as a defendant because it may claim an interest relating to the subject of this action and/or a right to relief is asserted against it herein inasmuch as the United States Patent and Trademark Office lists

U. Illinois as the assignee of the Patent-in-Suit thereby making it the last recorded owner of the Patent-in-Suit.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 United States Code ("U.S.C.") § 1338(a) because it is an action arising under the patent laws of the United States 35 U.S.C. § 1 et seq.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(b) because this action involves a claim for unfair competition joined with a substantially related claim arising under the patent laws of the United States.

8. This Court has jurisdiction arising under the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202 as Cyanotech has been expressly threatened by Valensa with a claim of infringement of the Patent-in-Suit; Cyanotech is unsure of its rights and believes that such claim of infringement is invalid due to the scope of the patent claims being narrower than asserted by Valensa (see Exhibit B, attached), or that the Patent-in-Suit, US Patent No. 5,527,533, is invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and/or 112, to include but not limited to that the claims are not novel, are anticipated by the prior art, and that the specification does not support the claims.

3

9.     In addition to exclusive jurisdiction with regard to patent claims under 28 U.S.C. § 1338(a), this Court has supplemental jurisdiction in a patent case under 28 U.S.C. § 1367(a), over all claims for relief that are so related to the patent claims in the action that they form part of the same case or controversy.

10.    This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between Cyanotech and Defendants, and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

11.    This Court has personal jurisdiction over Valensa under Haw. Rev. Stat. § 634-35 because Valensa has purposefully availed itself of the privilege to do business in the State of Hawaii by regularly transacting business in this forum.

12.    This Court has personal jurisdiction over U. Illinois, under Haw. Rev. Stat. § 634-35 because U. Illinois has purposefully availed itself of the privilege to do business in the State of Hawaii by regularly coming to Hawaii to solicit and transact business in this forum.

13.    Valensa has committed intentional acts, including but not limited to, engaging in unfair competition, deceptive and unfair trade practices, patent-abuse, and unlawful competition, by issuing unlawful threats of patent infringement to Cyanotech in Hawaii and attempting to prohibit Cyanotech from engaging in lawful competition regarding the sale and promotion of astaxanthin

4

products for eye health. Astaxanthin is a natural product long known for its ability to neutralize free radicals, thereby promoting eye health, reducing sunburn, and reducing other types of photic damage.

14.   At the time that it made such threats, Valensa knew or should have known that its threats were unlawful and that Cyanotech's sale and promotion of astaxanthin products for eye health were lawful and non-infringing competition.

15.   Valensa's acts were directed and aimed at persons in Hawaii, including Cyanotech.

16.   Valensa's knew or should have known that its acts would likely cause harm in Hawaii.

17.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because (a) a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and (b) because Valensa and U. Illinois are subject to personal jurisdiction in this District with respect to the claims asserted and therefore deemed to reside in this judicial District for venue purposes.

## FIRST CLAIM FOR RELIEF

18.   Paragraphs 1 to 17 are re-averred and re-alleged as if set forth at length herein.

19.   This is an action for declaratory judgment of non-infringement of the patent claims in United States Patent No. 5,527,533 and for patent invalidity.

20.     Valensa has claimed to have rights of an exclusive licensee with substantially all the rights to United States Patent No. 5,527,533, see Exhibit "A" hereto (the '533 Patent, aka the Patent-in-Suit), and would thereby be the true owner of all the patent rights for the '533 Patent.

21.     That as a result of the claims made by Valensa, see Exhibit "B", Cyanotech is unsure of its rights, has been repeatedly threatened by Valensa with having allegedly committed infringing conduct, and engaging in an allegedly infringing activity, causing reasonable apprehension that one or both Defendants will bring suit as Cyanotech's activities continue.

22.     Cyanotech believes that the '533 Patent-in-Suit is invalid for failure to comply with one or more of the following sections of the patent act, 35 U.S.C. §§101, 102, 103, and/or 112, to include but not limited to, that the claims are not novel, are anticipated by the prior art, and that the specification does not support the claims. Further, the conduct and actions of Cyanotech fall outside the scope of the '533 Patent claims as amended during prosecution of the application and as finally issued by the U.S. Patent and Trademark Office.

23.     Additionally, Cyanotech does not infringe directly, either literally or under the Doctrine of Equivalents, or indirectly under 35 U.S.C. § 271(b) or § 271(c), any of the claims of the '533 Patent.

24.     U. Illinois is or may be a necessary party pursuant to Fed. R. Civ. P. Rule 19 as the United States Patent and Trademark Office lists U. Illinois as the assignee of the Patent-in-Suit thereby making it the last recorded owner of the Patent-in-Suit and on information and belief may have retained some ownership rights.

25.     As a direct consequence of the foregoing, there is an actual and justiciable controversy between Cyanotech and Defendants with respect to infringement and validity of the '533 Patent. The controversy between the parties has adverse legal interests of such sufficient immediacy and creates a reasonable apprehension of suit against the Cyanotech to warrant a declaratory action.

26.     This action qualifies as an exceptional case supporting an award to Cyanotech of reasonable attorney fees, costs and expenses against Valensa pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

27.     Paragraphs 1 to 26 are re-averred and re-alleged as if set forth at length herein.

28.     Valensa, on information and belief, knows or should have known the patent prosecution history of the '533 Patent.

29.     When the '533 Patent was initially filed, as application number 08/330,194 (the '194 Application), the '194 Application comprised very broad

7

claims directed to benefitting and protecting the brain and central nervous system, including the eye. All claims in the '194 Application were expressly rejected by the Patent Office in view of extensive prior art establishing the use of astaxanthin for eye health and other protective functions. In response to a final rejection of all claims, including those for eye health and other protective functions, U. Illinois (the applicant in the '194 Application) amended the claims to greatly narrow the scope of the claims to *"treating an individual suffering from..." retinal disease or damage*.

30. Based upon such narrowing and limiting of the claims through amendment of claims during prosecution of the '194 Application, the Patent Office ultimately issued the '533 Patent with claims of narrow scope.

31. In spite of the clear change to the scope of the patent claims, Valensa, in bad faith, has threatened Cyanotech, and on information and belief has threatened Cyanotech's distributors and other parties, who supply astaxanthin as an ingredient in nutritional supplement formulations for use in for eye health, with infringement of the '533 Patent notwithstanding that Valensa knew or should have known that the scope of the claims of the '533 patent does not cover the alleged infringing activity.

32. As a direct and proximate result of the unlawful activities of Valensa, to include but not limited to the bad faith infringement claims being made

8

under the '533 Patent by Valensa, Cyanotech has and will continue to suffer damages.

### THIRD CLAIM FOR RELIEF

33. Paragraphs 1 to 32 are re-averred and re-alleged as if set forth at length herein

34. This is a claim for money damages and injunctive relief arising from Valensa's unfair methods of competition in violation of Haw. Rev. Stat. § 480-2.

35. Haw. Rev. Stat. § 480-2 makes it unlawful for a person to engage in unfair methods of competition in any trade or commerce.

36. As set forth herein, Valensa engaged in unfair methods of competition in violation of Haw. Rev. Stat. § 480-2 by engaging in a systematic pattern and practice of unlawful threats, intimidation and harassment of suppliers and sellers of astaxanthin products in Hawaii and elsewhere, including Cyanotech.

37. Specifically, on multiple occasions in the years 2010 and 2011, Valensa's authorized representatives, including its president, Rudi Moerck, made material false statements, both orally and in writing, to Cyanotech's representatives that the use of astaxanthin products as a preventive measure to maintain eye health infringed the claims of the Patent-in-Suit. An example of Valensa's unlawful

threats and unfair methods of competition is included in the email attached as
Exhibit B, sent from Rudi Moerck to Cyanotech's CEO, Brent Bailey.

38.     Valensa repeatedly threatened to "shut down" Cyanotech's
business and to embroil Cyanotech in prohibitively expensive patent litigation if
Cyanotech did not capitulate and agree to purchase a license of the Patent-in-Suit
from Valensa in order to sell, or promote the use of, astaxanthin products for eye
health (as distinct from therapeutic treatment of retinal injury or disease).

39.     Upon information and belief, Valensa made similar false claims
and threats to other producers, buyers and sellers of astaxanthin products for the
purpose of unlawfully restricting competition and thereby gaining an unfair
competitive advantage.

40.     At the time that Valensa made the foregoing statements
regarding the scope and nature of Valensa's patent, it knew or should have known
that those statements were false. Cyanotech repeatedly countered Valensa's threats
by asking Valensa to explain Valensa's construction of the claims in the Patent-in-
Suit, and how Valensa's construction was supported by the specification, to which
questions Valensa did not reply. Rather than reply to Cyanotech's questions,
Valensa continued to threaten infringement litigation.

41.     Valensa made the foregoing statements with the intent to deceive, mislead, harass and intimidate Cyanotech and others in an effort to gain an unlawful and unfair competitive advantage.

42.     Valensa's conduct and unfair methods of competition was injurious to consumers in this State by, among other things, limiting competition and increasing costs.

43.     Valensa's conduct has adversely impacted, and continues to adversely impact, Cyanotech and consumers by, among other things: (a) threatening to disrupt Cyanotech's ability to serve its clients;  (b) requiring Cyanotech to expend considerable resources to retain patent counsel to investigate and respond to Valensa's fraudulent claims and threats; (c) unjustly and unfairly reducing competition for astaxanthin products; and (d) reducing the pool of potential customers for Cyanotech's astaxanthin products.

44.     As a direct and proximate result of Valensa's unfair completion, Cyanotech has suffered economic losses in an amount in excess of $75,000.00.

## RELIEF REQUESTED

Wherefore Cyanotech respectfully requests this Court to enter Judgment in favor of Cyanotech and against Defendants and:

1.     Enter Judgment declaring the '533 Patent to be invalid;

2. Enter Judgment declaring that the '533 Patent is not infringed by the activities of Cyanotech;

3. Determine that the case is exceptional pursuant to 35 U.S.C. § 285;

4. Award Plaintiff compensatory damages in an amount in excess of $75,000.00;

5. Enter an order increasing damages three times pursuant to 35 U.S.C. § 284;

6. Enter Judgment that Valensa has engaged in unfair competition prohibited by Haw. Rev. Stat. § 480-2;

7. Award Plaintiff statutory damages pursuant to Haw. Rev. Stat. § 480-13;

8. Award Plaintiff treble damages pursuant to Haw. Rev. Stat. § 480-13;

9. Enter injunctive relief enjoining Valensa from engaging in unlawful methods of competition pursuant to Haw. Rev. Stat. § 480-13;

10. Award reasonable attorney fees and costs to Plaintiff pursuant to 35 U.S.C. § 285 and Haw. Rev. Stat. § 480-13 ; and

11. Award such further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, June 20, 2012.

JOHN R. LACY
BRUCE L. LAMON
BRETT R. TOBIN

Attorneys for Plaintiff